**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-01470-NYW-NRN

SHAUNDRIA W. WILSON,

    Plaintiff,

v.

TRANS UNION LLC,

    Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

---

This matter is before the Court on two Recommendations from United States Magistrate Judge N. Reid Neureiter:  (1) Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint Under 28 U.S.C. § 1915(e)(2)(A) (the "§ 1915(e) Recommendation"), [Doc. 33]; and (2) Recommendation Denying Defendant Trans Union LLC's Motion to Dismiss for Failure to State a Claim (the "Rule 12(b)(6) Recommendation"), [Doc. 47].  Neither Party objected to the § 1915(e) Recommendation. Defendant Trans Union LLC ("Defendant" or "Trans Union") objects to the Rule 12(b)(6) Recommendation.  [Doc. 48].  Plaintiff Shaundria Wilson ("Plaintiff" or "Ms. Wilson"), who proceeds pro se, has responded to the Objection.  [Doc. 51].  For the following reasons, the Recommendations are **ADOPTED**.

### BACKGROUND

The following facts are drawn from Plaintiff's Complaint, [Doc. 1; Doc. 1-1], and taken as true for purposes of this Order.  This case arises under the Fair Credit Reporting Act ("FCRA"), 28 U.S.C. § 1681.  *See* [Doc. 1; Doc. 1-1].  In January 2025, Ms. Wilson

1

obtained her Trans Union credit report while preparing for a mortgage pre-qualification. [Doc. 1 at 4]. She noticed that the report contained "several inaccuracies and outdated derogatory marks." [*Id.*]. She was then denied pre-approval for a home loan based on the inaccuracies. [*Id.*].

Ms. Wilson submitted three disputes through Trans Union's online portal, challenging the accuracy of certain information on her report. First, in February 2025, she disputed the accuracy of a Wells Fargo credit card—specifically the balance, status, and first date of delinquency. [*Id.*]. Trans Union responded 12 days later and verified the report as accurate. [*Id.*]. Second, in March 2025, she renewed her dispute regarding the Wells Fargo account and disputed the accuracy of several other reported accounts. [*Id.*]. In her Complaint, Ms. Wilson identifies the disputed accounts by name and the specific details that she contends were inaccurate. *See* [*id.*]. For instance, she says Trans Union's report misstated the last payment, delinquency date, and "charge-off details" of her "Apple Card / GS Bank USA" credit card. [*Id.*]. Or with respect to a "Portfolio Recovery Associates" account, Ms. Wilson disputed the "ownership and balance accuracy." [*Id.*]. Trans Union removed one account—associated with Navy Federal Credit Union—from her report but verified the other accounts as accurate. [*Id.*]. Third, Ms. Wilson submitted another unsuccessful dispute regarding the Portfolio Recovery Associates account, which Trans Union responded to within ten days. [*Id.*]. Ms. Wilson alleges that Trans Union failed to reasonably reinvestigate her disputes, including by "parroting information from data furnishers without conducting an independent or meaningful analysis." [*Id.*].

Ms. Wilson brings three FCRA claims: (1) a claim based on Trans Union's failure

2

to conduct a reasonable reinvestigation ("Claim One"), pursuant to 15 U.S.C. § 1681i, [*id.*]; (2) a claim based on Trans Union's failure to use reasonable procedures to achieve maximum possible accuracy ("Claim Two"), pursuant to § 1681e(b), [Doc. 1-1 at 1]; and (3) a claim the Complaint refers to as "willful noncompliance" ("Claim Three"), pursuant to 15 U.S.C. § 1681n, [*id.*].  Ms. Wilson seeks actual damages for emotional distress, statutory damages, and punitive damages.  [Doc. 1 at 5].

Ms. Wilson obtained leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. [Doc. 4].  Trans Union moved to dismiss the case under § 1915(e)(2)(A), arguing that she had misrepresented her poverty ("§ 1915(e) Motion").  [Doc. 19].  Trans Union also moved to dismiss for failure to state a claim under Rule 12(b)(6) ("Rule 12(b)(6) Motion").  [Doc. 13].  Judge Neureiter recommends denying both motions.  [Doc. 33; Doc. 47].  The Court considers his Recommendations below.

## LEGAL STANDARDS

### I.    Review of a Recommendation Under Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations").  Such specific objections permit "the district judge to focus attention on those issues—

factual and legal—that are at the heart of the parties' dispute." *2121 E. 30th Street*, 73 F.3d at 1059 (quotation omitted).

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, absent a proper objection, the Court reviews the Recommendations to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

## II.    Pro Se Filings

Ms. Wilson proceeds pro se. The Court thus affords her filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as her advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.    Section 1915(e) Recommendation

When a plaintiff proceeds *in forma pauperis*, § 1915(e) requires a court to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).   Trans Union argued that Plaintiff's allegations of poverty were untrue because she concealed income from settlements and did so in bad faith. [Doc. 19 at 4–5].  After a hearing, Judge Neureiter concluded that Ms. Wilson's allegation of poverty was not untrue and that she did not act in bad faith.  [Doc. 33 at 3].  He therefore recommends that Trans Union's § 1915(e) Motion be denied.  [*Id.*].  Trans Union did not object, and the time to do so has elapsed.  Accordingly, the Court has reviewed the § 1915(e) Recommendation and found no clear error on the face of the record.  The § 1915(e) Recommendation is **ADOPTED**, and Trans Union's § 1915(e) Motion is respectfully **DENIED**.

### II.    Rule 12(b)(6) Recommendation

Judge Neureiter also recommends denying Trans Union's Rule 12(b)(6) Motion. [Doc. 47].  Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible").  The Court's duty is ultimately to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

To state a FCRA claim for failure to employ reasonable procedures under 15 U.S.C. § 1681e(b), a plaintiff must plausibly allege that "(1) [the credit reporting agency] failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) the plaintiff suffered injury; and (4) [the defendant's] failure caused [her] injury." *Wright v. Experian Info. Sols.*, 805 F.3d 1232, 1239 (10th Cir. 2015) (cleaned up).  The elements of a "reasonable reinvestigation" claim under § 1681i(a)(1)(A) are "essentially the same" but also require a plaintiff to allege they informed the credit reporting agency of the inaccuracy.  *Id.* at 1242.  To allege a willful violation under § 1681n(a), a plaintiff must allege either an intentional violation or a violation committed in reckless disregard of the defendant's duties under FCRA. *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57–58 (2007)).  A company acts in reckless disregard of its duties under FCRA when its "action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *Burr*, 551 U.S. at 69.

Trans Union moved to dismiss Plaintiff's Complaint in its entirety. [Doc. 13]. Trans Union first argued that Plaintiff failed to sufficiently plead a factual inaccuracy in her credit reports as required to proceed on any of her claims. [*Id.* at 3–5]. Next, Trans Union argued that any claim based on the Portfolio Discovery Associates account failed because the alleged inaccuracy for that account involved a legal dispute. [*Id.* at 5–6]. Finally, Trans Union contended that Plaintiff did not plausibly allege an inadequate reinvestigation, that she failed to plead causation and damages, and that she had not stated a claim for a willful violation of the FCRA. [*Id.* at 6–8].

Judge Neureiter recommends denying the Motion. [Doc. 47]. He concluded that Ms. Wilson plausibly alleged inaccuracies by "identif[ying] the various accounts she says contained inaccuracies and list[ing] the specific areas where the accounts were supposedly incorrect." [*Id.* at 10]. As for the Portfolio Recovery claim, Judge Neureiter acknowledged that case law supports Tran Union's argument that a legal dispute generally is not an actionable inaccuracy in the FCRA context. [*Id.* at 11 (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010))]. But he noted that Ms. Wilson also alleged an inaccurate balance amount for that account, which can support a FCRA claim. [*Id.*]. Judge Neureiter then rejected Trans Union's other arguments regarding reinvestigation, causation and damages, and willfulness. [*Id.* at 11–14].

Trans Union objects only to Judge Neureiter's analysis of the alleged inaccuracies. [Doc. 48]. In Trans Union's view, Plaintiff's list of alleged inaccuracies in her report is insufficient to state a claim because she did not provide "specifics as to what was inaccurate" or explain "why" those details were inaccurate. [*Id.* at 2–3 (emphases

7

omitted)].  Trans Union argues that this defect also sinks the Portfolio Recovery claim, because a mere reference to a "balance inaccuracy" is insufficient.  [*Id.* at 4].

At this early stage, Plaintiff has adequately alleged that "the report in question was, in fact, inaccurate."  *Wright*, 805 F.3d at 1239.  The Rule 12(b)(6) standard does not demand "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555, 570.  Ms. Wilson has provided such allegations by identifying the specific information with respect to specific accounts that was inaccurately stated in a specific report.  *See* [Doc. 1 at 4].  To be sure, she could have provided more detail about, for instance, what balance should have been reported for her Portfolio Recovery account.  But "detailed factual allegations" are not required, and the information in the Complaint is sufficient to elevate Ms. Wilson's claim beyond mere "labels and conclusions."  *Twombly*, 550 U.S. at 555.  The Court therefore liberally construes and takes as true Ms. Wilson's factual allegations that Trans Union misreported certain information about her accounts.  This satisfies the first element of an FCRA claim.  *See, e.g.*, *Green v. Innovis Data Sols., Inc.*, No. 3:20-cv-01614-L , 2021 WL 4244779, at *4 (N.D. Tex. Sept. 17, 2021) (concluding that plaintiff adequately alleged an inaccuracy by "assert[ing] that Defendant's November 2019 credit report inaccurately listed several missed payments on his Nationstar account"); *Smith v. Encore Cap. Grp. Inc.*, 966 F. Supp. 2d 817, 824–25 (E.D. Wis. 2013) (denying motion to dismiss and recognizing that "[t]he court must take as true [the plaintiff's] allegation that the information [a defendant] provided . . . regarding the debt is incorrect," where plaintiff disputed defendants' report that a certain debt belonged to him).

Resisting this conclusion, Trans Union relies on a series of non-binding authorities to characterize the alleged inaccuracies as "subjective belief[s]" rather than factual allegations. [Doc. 48 at 2–4]. This Court is, of course, not bound by the decisions of other district courts. *E.g.*, *Camreta v. Green*, 563 U.S. 692, 709 n.7 (2011). In any event, these cases were generally decided at summary judgment. *See Barakat v. Equifax Info. Servs., LLC*, No. 16-cv-10718, 2017 WL 3720439, at *2–3 (E.D. Mich. Aug. 29, 2017) (granting summary judgment where plaintiff claimed report was technically accurate but misleading, but provided no evidence other than personal belief); *Gomez v. EOS CCA*, No. 18-cv-02740-PHX-JAT (DMF), 2020 WL 3271749, at *2–3 (D. Ariz. June 17, 2020) (granting summary judgment where plaintiff claimed report was "established as inaccurate when he did not accept it as true" but provided no supporting "evidence or explanation" (cleaned up)); *Elsady v. Rapid Glob. Bus. Sols., Inc.*, No. 09-cv-11659, 2010 WL 2740154, at *7–10 (E.D. Mich. July 12, 2010) (similar). *But see Bailey v. Equifax Info. Servs., LLC*, No. 13-cv-10377, 2013 WL 3305710, at *6 (E.D. Mich. July 1, 2013) (dismissing FCRA claim where "the information provided was accurate" and plaintiff failed to allege facts showing how report was misleading). While Defendant is correct that Plaintiff will need more than unsupported allegations to survive summary judgment, a different standard applies at this early stage.[1] And, fundamentally, the Court views the relevant allegations—such as that Trans Union inaccurately reported Plaintiff's balance amounts, delinquency dates, and payment histories for certain accounts—as factual

---

[1] Indeed, nothing precludes Defendant from seeking summary judgment prior to the close of discovery should it have the evidence to do so. It should, however, be mindful that under the Civil Practice Standards of this Court, a party may only file one motion for summary judgment without leave of Court. NYW Civ. Practice Standard 7.1D(a).

allegations to be taken as true.  Liberally construed and viewed in the light most favorable to Plaintiff, the factual allegations of inaccuracies are thus sufficient to state a claim under § 1681e(b) and § 1681i(a)(1)(A).  The Objection is respectfully **OVERRULED**, and this portion of the Rule 12(b)(6) Recommendation is **ADOPTED**.

Finally, Trans Union does not object to Judge Neureiter's analysis of reinvestigation, causation and damages, and willfulness.  The Court has accordingly reviewed the remainder of the Recommendation and satisfied itself that there is no clear error on the face of the record.  The Rule 12(b)(6) Recommendation is **ADOPTED**, and Trans Union's Rule 12(b)(6) Motion is **DENIED**.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint Under 28 U.S.C. § 1915(e)(2)(A) [Doc. 33] is **ADOPTED**;

(2)    Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint Under 28 U.S.C. § 1915(e)(2)(A) [Doc. 19] is **DENIED**;

(3)    The Recommendation Denying Defendant Trans Union LLC's Motion to Dismiss for Failure to State a Claim [Doc. 47] is **ADOPTED**;

(4)    Defendant Trans Union LLC's Objections to Recommendation Denying its Motion to Dismiss for Failure to State a Claim [Doc. 48] are **OVERRULED**;

(5)    Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint [Doc. 13] is **DENIED**; and

(6)    The Clerk of Court is **DIRECTED** to mail a copy of this Order to Ms. Wilson at the following address:

Shaundria W. Wilson
19228 East 64th Place
Denver, CO 80249

DATED:  April 16, 2026

BY THE COURT:

_____

Nina Y. Wang
United States District Judge